PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2002 Ford Taurus, driven by her daughter, struck a landslide as her daughter was traveling west on W. Va. Route 95 in Wood County. W. Va. Route 95 is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around 11:00 p.m. on January 5, 2005, a rainy evening. W. Va. Route 95 is a two-lane highway at the area of the incident involved in this claim. Claimant’s daughter, Amy Stines, testified that she was driving through a curve in the road when she came upon a landslide in the road. Ms. Stines attempted to stop her vehicle, but due to the water on the road, hydroplaned into the debris that covered the road. She stated that the landslide of rock and other debris was still occurring after her vehicle came to a stop in the debris. Claimant’s vehicle sustained damage to both front tires and significant body damage totaling $2,729.47. Claimant’s vehicle also had to be towed from the scene and then later towed to a garage. The towing bills totaled $140.00. Claimant’s insurance deductible was $500.00, and did not cover towing.
The position of the respondent is that it did not have actual or constructive notice of the condition on W. Va. Route 95 at the site of the claimant’s accident for the date in question.
Curtis Richards, Working Crew Leader for the respondent in Wood County, testified that he had no knowledge of the landslide on W. Va. Route 95. Mr. Richards stated that in his eight years of employment with respondent in Wood County he had never seen a landslide or a rock fall in the area of claimant’s incident. Respondent had received no notice of a landslide in the road along this portion of W. Va. Route 95 prior to the incident in question.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to *20 person or property is insufficient to justify an award. Coburn vs. Dept. of Highways, 16 Ct. Cl. 68 (1985).
In the instant case, claimant has not established that respondent failed to take adequate measures to protect the safety of the traveling public on W. Va. Route 95 in Wood County. Evidence adduced at trial established that there had not been any rock falls or landslides along this stretch of W. Va. Route 95 prior to the claimant’s incident. While the Court is sympathetic to claimant’s plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny tins claim..
Claim disallowed.